UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-61471-BLOOM

CHESTER ELYSEE,

    Petitioner,
v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

    Respondent.
_____/

## **ORDER**

**THIS CAUSE** came before the Court on Petitioner Chester Elysee's Motion for Emergency Stay of Removal Pending Adjudication on the Merits of Petitioner's Petition for a Writ of *Habeas Corpus*, ECF No. [3] (the "Emergency Motion"). In this action, Petitioner filed a Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241 (the "Petition"), challenging the legality of his current detention and removal from the United States to Haiti. *See* ECF No. [1]. Now, in the Emergency Motion, Petitioner argues that an emergency stay of his removal is necessary until the Petition is adjudicated as he may be removed from the United States as early as July 6, 2018. *See* ECF No. [3].

    **I.    BACKGROUND**

Through this action, Petitioner challenges his detention by U.S. Immigration and Customs Enforcement ("ICE") as well as his planned removal from the United States to Haiti. *See* ECF No. [1]. Petitioner states he is a Haitian national and is a Temporary Protected Status Registrant ("TPS"). *See* ECF No. [3]. He has been in this country for the last 20 years without any criminal convictions. *Id.* Both his brother and daughter are United States citizens. *Id.*

In 1998, an immigration judge denied Petitioner's application for asylum and his removal was ordered on September 11, 1998. *Id.* Although Petitioner appealed the removal order to the Board of Immigration Appeals ("BIA"), his appeal was subsequently dismissed on February 22, 2000. *Id.* He then unsuccessfully sought to reopen the jurisdiction of the BIA and such proceedings were concluded on October 15, 2008. *Id.* In this same year, ICE detained Petitioner and later released him on the condition that he would report to ICE as directed. *Id.* According to Petitioner, he reported to ICE as required for all of his appointments. *Id.* Sometime after the earthquake in Haiti in 2010, Petitioner was granted TPS status and his TPS renewal applications were granted from 2010 to 2017. *Id.* As of the date of the Petition, his 2018 TPS renewal application remained pending. *Id.* However, on June 8, 2018, ICE detained Petitioner at the Broward Transitional Center. *Id.* Petitioner then submitted a request for parole on June 13, 2018, but to date, ICE has not responded to the request. *Id.* When Petitioner requested to appear before an immigration judge, ICE responded to the request as follows: "No! You will not see the Judge. But you will see Haiti soon. Maybe 2 weeks." *See* ECF No. [3-1]. By Petitioner's computation, his removal may occur as early as July 6, 2018. *See* ECF No. [3]. For that reason, he seeks an emergency stay of ICE's removal order until such time as the Court has adjudicated the merits of his Petition. Petitioner is not challenging the 1998 removal order but is instead challenging his detention as a TPS registrant who is being removed from the country without a hearing.

## II.    LEGAL STANDARD

A court considering a petition for review of a removal order may stay the removal while it adjudicates the merits of the petition. *Nken v. Holder*, 556 U.S. 418, 426 (2009). When determining whether a stay of the removal order should be entered, the Court must consider four

factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* (quoting *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987)). The first two factors are "the most critical." *Id.* at 435 (quoting *Sofinet v. INS,* 188 F.3d 703, 707 (7th Cir. 1999)). "Once an applicant satisfies the first two factors, the traditional stay inquiry calls for assessing the harm to the opposing party and weighing the public interest." *Id.* at 435. If the Government is the responding party, the last two factors merge. *Id.* While there is a public interest in preventing an alien from being wrongfully removed, especially if they are likely to face substantial harm in the return country, this does not mean that a stay will not cause any injury to the public interest. *Id.* at 436. This is because "[t]here is always a public interest in prompt execution of removal orders." *Id.* For example, if an alien is particularly dangerous or has substantially prolonged his stay by abusing the processes provided, there may be a greater interest in the alien's prompt removal. *Id.* Here, the Court finds that Petitioner has satisfied all four elements to obtain a stay of his removal.

## III. DISCUSSION

As to the first factor, the Court finds that Petitioner has demonstrated a strong showing of a likelihood of success on the merits. As explained above, Petitioner states that he has TPS status pursuant to 8 U.S.C. § 1254a and that his 2018 TPS renewal application remains pending. Section 1254a(1) of the United States Code provides that "[i]n the case of an alien who is a national of a foreign state designated under subsection (b) . . . and who meets the requirements of subsection (c), the Attorney General, in accordance with this section— **(A)** may grant the alien temporary protected status in the United States and **shall not remove the alien from the United**

**States during the period in which such status is in effect**, . . . ." 8 U.S.C. § 1254a(1)(A) (emphasis added). Notwithstanding the foregoing, ICE has detained Petitioner and plans to remove him without granting him a hearing before an immigration judge. In light of this, the Court finds that Petitioner has made a strong showing that he is likely to succeed on the merits of Petition.

With regard to the second factor, the Court concludes that Petitioner will be irreparably injured absent a stay in that his removal appears to be imminent and may occur as soon as July 6, 2018. If the stay is not granted, Petitioner may be removed to Haiti before the Court is able to adjudicate the merits of the pending Petition. If the Petition is adjudicated in his favor, it is unclear whether Petitioner will be able to re-enter the country once removed. Thus, the Court finds that Petitioner has satisfied this factor.

As to the third and fourth factors, whether issuance of the stay will substantially injure the other parties interested in the proceeding and where the public interest lies, the Supreme Court has explained that these factors "merge" when the Government is the responding party. *Nken*, 556 U.S. at 436. In this case, the Court finds that the Government will not be substantially injured nor will the public interest be affected by a brief stay of the removal order. This is because Petitioner, who has lived in the United States for the last 20 years, has no criminal convictions and, therefore, does not appear to be particularly dangerous. On the other hand, the public has an interest in preventing citizens from being wrongfully removed. *Nken*, 556 U.S. at 436. Petitioner states that he has complied with all ICE reporting conditions since they were first imposed in 2008. He has had continuous TPS status from 2010 to the present and his 2018 TPS renewal application remains pending. He also has ties to the community in that he has a brother and daughter, both of whom are American citizens, and friends in the community. He is also


Case No. 18-cv-61471-BLOOM

gainfully employed. Based on the foregoing, the Court finds that Petitioner has satisfied the third and fourth factors, warranting a stay of the removal order during the pendency of these proceedings.

### IV. CONCLUSION

For the reasons explained above, it is **ORDERED AND ADJUDGED** that Petitioner Chester Elysee's Motion for Emergency Stay of Removal Pending Adjudication on the Merits of Petitioner's Petition for a Writ of *Habeas Corpus*, **ECF No. [3], is GRANTED.** Respondent, U.S. Immigration And Customs Enforcement, shall not take any actions to remove Petitioner from the United States until such time as the Court has adjudicated the merits of Petitioner's pending Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241, ECF No. [1].

**DONE AND ORDERED** in Miami, Florida, this 3rd day of July, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record